UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| )  2:05-cr-00377-RCJ-LRL-1 | |
| vs.  ) | |
| ) | |
| PETER REGINALD WRIGHT,  )  **ORDER** | |
| ) | |
| Defendant.  ) | |
| ) | |

A jury convicted Defendant Peter Reginald Wright of one count of possession of cocaine with intent to distribute. The Court of Appeals affirmed and has issued the mandate. Defendant has filed six motions.

First, Defendant asks the Court to compel his attorney to surrender his case file to him. Attorney Reed has agreed in response to do so but has asked the Court where to deliver the file. The Court grants the motion. Attorney Reed shall deliver the file to Defendant at the Englewood Federal Correctional Institution, according to Defendant's address in the docket.

Second, Defendant asks the Court for a "post *Daubert*" hearing under the Ex Post Facto Clause. The Court interprets this as a motion to set aside the sentence under 28 U.S.C. § 2255. No other form of relief is available, as the Court of Appeals has issued the mandate affirming the judgment. The motion is untimely, as it was filed over a year after the time to petition the Supreme Court for certiorari expired, i.e., ninety days after the Court of Appeals' mandate issued on March 4, 2011. In any case, the motion appears to raise trial errors that could have been, and in fact were, pursued in the direct appeal.

Third, Defendant has requested a copy of grand jury transcripts pursuant to Rule 6(e)(3)(E)(ii). That rule permits a court to release grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *See* Fed. R. Crim. P. 6(e)(3)(E)(ii). The Court denies the motion. Defendant has shown no ground for review but simply requests the transcript for use at the "post *Daubert*" hearing he has elsewhere requested.

Fourth, Defendant asks for a status report as to the foregoing motions. Because the Court hereby rules upon those motions, the motion for a status report is moot.

Fifth, Defendant asks the Court to impose sanctions upon a prosecutor for failing to answer the Court's October 3, 2013 order. The Court is aware of no order on that date pertaining to the present case. The motion is denied.

Sixth, Defendant requests a ruling on two of the foregoing motions. This motion is also moot due to the Court's contemporaneous rulings on those motions.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Compel (ECF No. 182) is GRANTED. Attorney Reed shall deliver to Defendant forthwith any files regarding the present case.

IT IS FURTHER ORDERED that the remaining Motions (ECF Nos. 184, 186, 187, 188, 189) are DENIED.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge